INDUSTRIAL TRUST COMPANY *et al., Exrs. vs.* STUART NICOL PENDLETON *et al.*

JANUARY 22, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a bill in equity for the construction of the will of James M. Pendleton, late of the town of Westerly, deceased. The cause being ready for hearing for final decree, the superior court for the county of Washington has, in accordance with general laws 1938, chapter 545, §7, certified it to this court for our determination.

James M. Pendleton died on May 18, 1940, leaving surviving him his wife Beatrice Nicol Pendleton, his son Stuart

Nicol Pendleton, and his grandson James Monroe Pendleton, a minor, all of whom are now living and are parties in this cause. The executors of the will, Industrial Trust Company and Beatrice Nicol Pendleton, have brought this bill praying for a construction of the fourth clause of the will. However, Mrs. Pendleton, with the permission of the superior court, has entered her appearance individually in order to contend that she is entitled, under that clause, to the residuary estate absolutely in fee simple.

Brown University, the son and the grandson are respondents. Persons unascertained or not in being who may be interested in the estate have been made respondents and their interests are represented by a guardian *ad litem* who also represents the interest of the grandson. The son concedes the validity of his mother's contention while Brown University merely joins in the prayer of the bill without advancing any contention. Only the guardian *ad litem* contests Mrs. Pendleton's claim.

The controversy has arisen at this time because, the estate being ready for distribution, Mrs. Pendleton has refused to accept the distribution of the residuary estate subject to a gift over, in the event of her intestacy, to the Industrial Trust Company in trust for her son and his issue. The question thereby raised for our determination is: "Is Beatrice Nicol Pendleton, the widow of the said testator, entitled at the present time to distribution of said estate absolutely and in fee simple, or is she entitled to a life estate with power of disposition by will, or, if neither, to what estate is she entitled?"

Clause fourth of the will reads as follows: "All the rest, residue and remainder of my estate, both real and personal, of whatever nature and description and wherever situated, including property which I may hereafter become possessed of, I give, bequeath and devise unto my wife, Beatrice Nicol Pendleton.

"If my wife, Beatrice Nicol Pendleton, shall die intestate or shall pre-decease me, then I give, bequeath and devise the

remaining part of my estate to the Industrial Trust Company, a corporation duly created in the State of Rhode Island, having its principal office at Providence in said State and a Branch Office in Westerly, But In Trust Nevertheless for the following purposes, to wit:

"To receive, hold, manage, sell, exchange, invest and reinvest the same and every part thereof in the manner hereinafter specified, and to collect, recover and receive the rents, issues, interest and income thereof, hereinafter called income, and after deducting the proper and necessary expenses in connection with the administration of the trust, to pay the same in quarterly installments unto my son, Stuart Nicol Pendleton, for and during the term of his natural life and upon his death to pay the same in the same manner to his living issue, if any, share and share alike, until they have all reached the age of twenty-five years, and then to convey and pay over to them, free from all trusts, the principal of said estate."

The first sentence of the clause clearly gives to the wife a fee simple in the realty and an absolute gift of the personalty, unless elsewhere in the will a contrary intention appears. *Knight* v. *Knight,* 61 R. I. 187. Such a contrary intention to give less than the whole estate of which the testator was seized must appear distinctly and with reasonable certainty. *Atkinson* v. *Staigg,* 13 R. I. 725.

The testator, by the second sentence of the clause, has apparently attempted to dispose of the estate thus given to his wife, in the event she predeceased him or, having survived him, thereafter died intestate. Since the former event did not occur, the guardian *ad litem* has not contended that the testator's contemplation of it indicates an intention to limit the prior gift; and we do not think that it does. His sole contention is that the gift over, in the event of the wife's intestacy, does limit that gift to a mere life estate coupled with a power to dispose of it in her lifetime or by will. But the testator does not even imply by the second sentence that he has thus limited his prior gift. On the con-

trary, he indirectly confirms the absolute character of it by recognizing that his wife had the right to dispose of it as her own property by her will, and not merely by the exercise of a power of appointment by will. In other words, we are of the opinion that it is clear from the second as well as the first sentence that the testator intended that his wife should enjoy the property given to her as her own with full and complete right of alienation of it as such property.

Where a testator clearly intends, as here, to confer upon a devisee or legatee complete beneficial use of and full right of alienation over property devised or bequeathed, he empties himself of any further right and power of disposition over such property. In the very nature of the situation here this must necessarily be so. The gift to the wife here could not be merely a life estate, because it is clear that she had full right of alienation in her lifetime over the property devised and bequeathed and also the right to dispose of it by will *as her own* and not merely by the exercise of a power of appointment. We find no language in the will that discloses distinctly and with reasonable certainty an intention of the testator to give to his wife a life estate coupled with only a power of appointment rather than an absolute gift to her outright. It would be, indeed, a strained construction of his language to read into it such an intention.

The guardian *ad litem,* however, seems to argue, if we understand him, that the wife was not given the full right of alienation over the property, as her own, since the testator clearly did not desire it to descend to her heirs and be distributed to her next of kin according to the statutes of descent and distribution, if she should die intestate. One answer to this contention is that it is conceded that she could make a will for the benefit of her heirs and next of kin under such statutes, and a further answer is that the right to transmit intestate estate according to such statues is not a right of alienation. "The term alienation embraces every mode of passing real estate by the act of the party, as distinguished from passing it by the operation of law." *Jenckes* v.

*Probate Court,* 2 R. I. 255, 257. That right to transmit by law inheres in the owner of property by virtue of the natural law and is expressly protected and enforced by the positive law. If the testator here desired his wife to enjoy the full beneficial use of his residuary estate and also intended her to have the full right of alienation over it in her lifetime and at her decease by her will, as is indisputable from the clear intendment of paragraph fourth of his will, then it must follow that he has given her all of his estate, and his attempt to draw it back to himself in the event of her intestacy is a nullity. It is a nullity, because it is repugnant to the prior absolute gift; because to give effect to it would render the nature of the prior gift obscure and practically impossible of ascertainment without doing violence to the clearly expressed language of the testator in the first sentence; and in any event because it does not clearly appear from the language used that it was the dominant intent to qualify the nature and extent of the first gift as made.

If this will contained language like that construed in the following cases, we would have no difficulty in finding that the testator had not intended the prior gift to be absolute, but an examination of those cases will, we think, show that, while the testamentary language under consideration therein may have superficially resembled the language here, there were, nevertheless, strikingly important differences: *Washington Trust Co.* v. *Arnold,* 69 R. I. 121; *Knight* v. *Knight, supra; Billings* v. *Gladding,* 58 R. I. 218; *Barker* v. *Ashley,* id. 243; *Pierce* v. *Simmons,* 16 R. I. 689.

Take for example the *Washington Trust Co.* case. There the prior gift, although made with the technical words of inheritance, was qualified in the very same sentence by the words "subject to the following conditions", and the conditions were clearly set out, unmistakably showing that the testator's intention was to give his wife full beneficial enjoyment only in her lifetime of the property devised. No right to alienate it by her will was conferred upon the wife and the testator clearly contemplated the possibility of some of

it remaining at her death and provided therefor by an expressed gift over in trust. The dissimilarity between the language of that will and the language we are considering here is obvious. The same may be said of all the other cases.

On the other hand, the instant case is not unlike such cases as *Rhode Island Hospital Trust Co.* v. *City of Woonsocket,* 48 R. I. 345 and *Wood, for an Opinion,* 28 R. I. 290. It is governed by the well-settled rule that "when words of the will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is ambiguous or inferential and which is not equally as distinct as the former; or the rule may be stated that a clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down." 30 Am. & Eng. Encyc. of Law 687, which is cited with approval in *Goffe* v. *Goffe,* 37 R. I. 542, 552.

We are therefore of the opinion that Beatrice Nicol Pendleton, the widow of the testator, is entitled to the distribution of the estate given to her by clause fourth of the will absolutely and in fee simple.

On January 31, 1945, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Hinckley, Allen, Tillinghast & Wheler, Stuart H. Tucker,* for complainants.

*Herbert W. Rathbun, Joseph R. Murray,* for Beatrice N. Pendleton as an individual.

*Sisson, Fletcher, Worrell & Hodge, Paul H. Hodge,* for Paul H. Hodge, guardian *ad litem* of James Munroe Pendleton and contingent interests.